**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SELENA YVONNE HAYES | : | |
| | : | |
| Appellant | : | No. 536 MDA 2017 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002943-2016

BEFORE:  STABILE, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 26, 2018**

Appellant Selena Yvonne Hayes appeals *pro se* from the judgment of sentence entered after the trial court found her guilty of driving under the influence (DUI), general impairment,[1] and two summary traffic violations.[2] Appellant claims that the verdict was against the weight of the evidence.  We affirm.

Appellant's conviction arises from a traffic stop on March 13, 2016, at approximately 3:30 a.m.  It is undisputed that Appellant, an African-American woman, was driving.  The owner of the vehicle, Eric Neal, was in the front passenger seat, and Neal's friend was in the backseat behind Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. §§ 3334(a) (required signals), 3309 (driving on roadways laned for traffic).

According to East Lampeter Township Police Officer Samuel Sanger, he began following Appellant on the 1600 block of Lincoln Highway. Between the 1600 and 2000 block of Lincoln Highway, Appellant weaved within her lane of travel, crossed the lane line twelve to fifteen times, and intermittently braked, accelerated, and decelerated for no apparent reason. Between the 2000 and 2100 blocks of Lincoln Highway, Appellant went onto the median and almost hit a traffic sign. After passing through an intersection, Appellant crossed into the opposing lane of travel, then straddled the double yellow line, and then swerved across the left lane to the right lane of her direction of travel. Appellant did not signal when moving to the right lane. The officer did not record Appellant's driving on his vehicle's dash-cam.

Officer Sanger activated his overhead lights, and Appellant pulled into a parking lot. Appellant opened the door as the officer approached, and the officer smelled alcohol emanating from the vehicle. Appellant admitted that she was at the Village, a bar, where she consumed two alcoholic drinks and then left to eat at a nearby "IHOP," a restaurant.

According to the officer, Appellant was unsteady on her feet and swayed back and forth as she exited the vehicle. The officer smelled a moderate odor of alcohol on Appellant's breath. Appellant's eyes were bloodshot and watery, and her speech was slightly slurred. The officer administered field sobriety tests, which were not recorded by the police vehicle's dash-cam, and Appellant exhibited numerous indications of intoxication. The officer arrested Appellant and transported her to Lancaster General Hospital for blood testing. On March

- 2 -

30, 2016, Appellant was charged with DUI-general impairment and the two traffic violations.[3]

Appellant retained trial counsel and proceeded to a one-day nonjury trial on February 3, 2017. Officer Sanger testified as to his observations and opinions regarding Appellant's intoxication when driving. Trial counsel cross-examined the officer with his report at Lancaster General Hospital indicating that Appellant was alert, was not disoriented, exhibited ease of movement, and did not show signs of violent behavior.

Appellant testified at trial that she was not intoxicated at the time of the incident and did not drive erratically. Additionally, Appellant called three witnesses—Neal, the security guard at the Village, and Appellant's friend who was with her at the Village and was driving to the IHOP in a separate vehicle—to corroborate her testimony. At the conclusion of trial, the trial court found

_____

[3] The criminal complaint also charged Appellant with one count of driving under the influence-highest rate of alcohol, 75 Pa.C.S. § 3802(c), and the attached affidavit of probable cause stated blood testing revealed that Appellant's blood alcohol content was .166%. However, the United States Supreme Court decided **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), on June 23, 2016, and held that warrantless blood testing was not justified under implied consent laws that impose criminal penalties for refusal. **Birchfield**, 136 S. Ct. at 2185-86. The Commonwealth withdrew the count under Section 3802(c) before filing the information. At trial, the Commonwealth did not present evidence regarding the results of a preliminary breath test, **see Commonwealth v. Stanley**, 629 A.2d 940, 941-42 (Pa. Super. 1993) (holding preliminary breath tests are not inadmissible at trial), or the blood test taken at Lancaster General Hospital, **see Birchfield**, 136 S. Ct. at 2186.

Appellant guilty of all charges. That same day, the court sentenced Appellant to serve six months' probation and to pay fines and costs.

Appellant filed a counseled post-sentence motion for a new trial or arrest of judgment on February 14, 2017, the eleventh day after sentencing. The trial court entered an order purporting to deny the post-sentence motion on February 15, 2017. On March 13, 2017, Appellant filed a counseled notice of appeal.

Four days later, on March 17, 2017, trial counsel filed a motion to withdraw from representation asserting that Appellant intended to proceed *pro se* on appeal. Thereafter, the trial court issued an order for a Pa.R.A.P. 1925(b) statement on March 24, 2017.

On April 4, 2017, the trial court granted trial counsel's motion to withdraw. Appellant timely filed a *pro se* Rule 1925(b) statement challenging the verdict and alleging trial counsel's ineffectiveness.[4] The court filed a responsive Rule 1925(a) opinion addressing the sufficiency and weight of the evidence and suggesting that Appellant's ineffectiveness claim be deferred until collateral review.

Following a remand by this Court, the trial court determined that Appellant's decision to proceed *pro se* in this appeal was knowing, intelligent,

---

[4] The twenty-first day after the trial court's order for a Rule 1925(b) statement was Friday, April 14, 2017, a court holiday. Therefore, the Appellant's April 17, 2017 Rule 1925 statement was timely filed. **See** 1 Pa.C.S. § 1908.

and voluntary. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988). This appeal is now before this Court.

Before addressing Appellant's questions on appeal, we consider whether this appeal was timely filed. The timeliness of an appeal implicates this Court's jurisdiction, and we may raise this issue *sua sponte*. **Commonwealth v. Duffy**, 143 A.3d 940, 942 (Pa. Super. 2016).

A criminal defendant must generally file a notice of appeal within thirty days of the imposition of sentence or the entry of an order denying a timely post-sentence motion. Pa.R.Crim.P. 720(A)(2)-(3). To be timely, a post-sentence motion must be filed within ten days of the imposition of sentence. Pa.R.Crim.P. 720(A). An untimely post-sentence motion does not toll the thirty-day period for filing an appeal from the imposition of sentence. **See** Pa.R.A.P. 301(a)(2), 903(c)(3); Pa.R.Crim.P. 720(A)(3) & cmt.; **Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*).

Instantly, the trial court advised Appellant that she had ten days from the imposition of sentence on February 3, 2017, to file a post-sentence motion. N.T., 2/3/17, at 212. Therefore, Appellant's counseled post-sentence motion, which was filed eleven days after sentencing, was facially untimely. **See Commonwealth v. Green**, 862 A.2d 613, 617 (Pa. Super. 2004) (*en banc*). Accordingly, Appellant was required to file a notice of appeal by Monday, March 6, 2017, the thirtieth day after sentencing, and Appellant's

March 13, 2017 notice of appeal was untimely on its face. *See id.*; *see also* 1 Pa.C.S. § 1908; Pa.R.A.P. 903(c).

Nevertheless, a trial court's failure to inform a defendant of the appropriate time for an appeal under Pa.R.Crim.P. 720 may constitute a breakdown in the operation of the court. *See Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007). Here, as in *Patterson*, the trial court denied Appellant's post-sentence motion within the thirty-day period for taking an appeal from the imposition of the sentence but did not inform Appellant of the appropriate time to appeal. *See id.* Therefore, we decline to quash this appeal. *See id.* at 500.

Appellant, in her *pro se* brief, presents the following questions for review:

> [1.] Whether the trial court erred in arriving at a guilty verdict where the testifying officer followed [Appellant's] vehicle based solely upon the strength of his knowledge of her race and where there were neither preliminary breath test results nor blood test results presented at trial and where the testifying officer asserts that [Appellant] both drove erratically and failed her field sobriety tests yet neither of these alleged occurrences were corroborated by video surveillance and where the officer's testimony was directly contradicted by other testifying witnesses making the court's ruling an abuse of discretion?
>
> [2.] Whether [trial] counsel erred in not filing a motion to reconsider and whether a new trial should be granted as a result?

Appellant's Brief at 1.

Appellant first claims that her conviction was improper because there was no objective evidence corroborating Officer Sanger's testimony regarding

- 6 -

her driving and his observations following the traffic stop. Appellant's Brief at 6-7. She asserts that the officer did not observe any "wrongdoing" and faults the officer for not recording her driving on his vehicle's "dash cam." *Id.* at 6, 11-12. Similarly, Appellant notes that the officer did not record her performance of the field sobriety tests. *Id.* at 7, 12. Appellant also emphasizes that the results of the blood test were not admitted into evidence at trial. *Id.*

Appellant further asserts the defense witnesses refuted the officer's opinion that she was intoxicated or incapable of safely operating the vehicle. *Id.* at 7. Appellant concludes that the evidence against her was so weak that the trial court was prejudiced against her "because she is an African-American woman who was pulled over by a white police officer." *Id.* at 7-8.

Preliminarily, we note Appellant fails to construe the record in a light most favorable to the Commonwealth as the verdict winner. *See Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013) (discussing a sufficiency of evidence challenge to DUI-general impairment). By so doing, Appellant fails to present a proper, or meritorious, claim that the evidence was insufficient to sustain her convictions. *See Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009) (discussing permissible evidence in a DUI-general impairment prosecution, including "manner of driving and ability to pass field sobriety tests" and "physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech").

Instead, Appellant's arguments suggest that the defense's evidence was of such greater weight than Officer Sanger's uncorroborated testimony that sustaining the verdict would deny justice. **See** Appellant's Brief at 6-7, 11-12; **see also Commonwealth v. Widmer**, 744 A.2d 745, 752 (Pa. 2000) (discussing the elements of a weight of evidence claim). Therefore, we construe Appellant's argument as a weight of the evidence claim.

However, Appellant did not challenge the weight of the evidence before sentencing in an oral or written motion. **See** Pa.R.Crim.P. 607(1)-(2). Although trial counsel raised a weight of the evidence claim in a post-sentence motion, that motion was not timely filed. Thus, the apparent untimeliness of Appellant's counseled post-sentence motion operates as waiver of Appellant's weight of the evidence claim. **Cf. Commonwealth v. Magnum**, 654 A.2d 1146, 1148 (Pa. Super. 1995) (noting that a discretionary aspect of sentence claim will be waived where it was not preserved in an objection at sentencing or a timely post-sentence motion).

We could remand this matter to determine whether there was a breakdown or interruption of court operations excusing the one-day delay in the filing of Appellant's post-sentence motion. However, the trial court denied Appellant's counseled post-sentence motion on its merits within thirty days of sentencing. The court also elected to address the claims in Appellant's *pro se* Rule 1925(b) statement, including Appellant's contention that the court abused its discretion in crediting Officer Sanger's testimony. Therefore, we

will address the claim, particularly since our review compels the conclusion that a remand would be an unnecessary use of judicial resources.

The standard of review governing a challenge to the weight of the evidence is well settled.

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. 2012) (citation omitted).

Here, the trial court addressed Appellant's challenge to its credibility determinations noting that it "resolved the relevant credibility issues in favor of the officer presented by the Commonwealth and rejected the testimony of [Appellant] and her witnesses." Trial Ct. Op. at 13. The trial court fully explained its credibility determinations. *See id.* at 11-12. The court correctly concluded that it was within its purview as the fact-finder to make the relevant credibility determinations and reject the testimony of Appellant's witnesses.

We add that "[a] court is not required to decide an issue in favor of the party having the largest number of witnesses who testify in support of that party's position." *Westinghouse Elec. Corp. v. Bd. of Prop. Assessment*,

*Appeals & Review of Allegheny Cty.*, 652 A.2d 1306, 1312 n.3 (Pa. 1995) (citation omitted); *accord Commonwealth v. Wolfe*, 81 Pa. Super. 512 (1923); Pa. SSJI (Crim.) § 7.04(1) (number of witnesses). Thus, the fact that the trial court credited the testimony of Officer Sanger, the Commonwealth's only witness, over that of Appellant and her three witnesses did not evince an abuse of discretion by the court. Similarly, the trial court's weighing of the evidence did not establish the court's prejudice against Appellant based on racial considerations.

Having reviewed the record, we discern no abuse of discretion in the court's ultimate determination that Appellant "failed to demonstrate that the verdict in this matter served to shock one's sense of justice." *See Shaffer*, 40 A.3d at 1253. Thus, Appellant's first claim warrants no relief.

Appellant next claims that trial counsel was ineffective for failing to seek reconsideration of the verdict. Appellant's entire argument consists of the following two sentences: "After the bench trial had concluded, and once the judge[] entered a guilty verdict against [Appellant], she urged her attorney to file a motion to reconsider verdict. [Appellant] did ask the attorney to file this motion on multiple occasions but the trial attorney refused to do so."[5] Appellant's Brief at 13.

---

[5] Appellant cites no law and provides no analysis. Thus, this Court could deem this claim waived based on a defective brief. *See* Pa.R.A.P. 2101, 2119; *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (reiterating that "[t]his Court will not act as counsel and will not develop arguments on

The general rule, however, is that a defendant's challenge to the effectiveness of trial counsel should be deferred to a collateral proceeding under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Although there are narrow exceptions under which the trial court may consider claims on ineffectiveness on direct appeal, a defendant must first allege ineffective assistance of counsel in the trial court before taking an appeal.[6] *See Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013). Here, Appellant did not challenge trial counsel's effectiveness in the trial court and raised the issue for the first time on appeal in her *pro se* Rule 1925(b) statement. Therefore, the claim could be deemed waived. *See* Pa.R.A.P. 302(a).

In any event, because we have concluded that Appellant's weight of the evidence claim lacked merit, there is no basis to conclude that trial counsel's

---

behalf of an appellant" and may find certain issues waived if a defect in an appellate brief impedes meaningful review (citation omitted)); *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (noting that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant" (citation omitted)).

[6] A short sentence such as Appellant's six-month probationary sentence could constitute good cause to permit consideration of her ineffectiveness claim. *See Holmes*, 79 A.3d at 564 & n.1. However, the trial court would have to hold a hearing, and Appellant would also have to waive future PCRA review to permit review of her ineffectiveness claims in this direct appeal. *Id.* at 564.

failure to file a motion for reconsideration of the verdict or a timely post-sentence motion resulted in prejudice. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1131-32 (Pa. 2007) (concluding that trial counsel's failure to file a motion to modify sentence did not result in prejudice as there was no reason to believe that the trial court would have reduced the sentence). Therefore, Appellant's suggested claim that trial counsel was ineffective for filing a motion for reconsideration of the verdict warrants no relief.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/26/2018

---

[7] It is unclear whether Appellant has completed serving her sentence. If she has done so, she would be precluded from seeking PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i) (requiring that a PCRA petitioner be serving a sentence of probation "at the time relief is granted"). To the extent the trial court stayed the sentence pending appeal, our decision to address Appellant's ineffective assistance counsel claim in the alternative shall not limit her right to seek PCRA relief in the future.